IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>SOLLY, Lt., Individual compacity; NUEYER, unit manager, Individual compacity; KERRI PAULSON, LIMHP, Individual compacity; ELEZEBETH, LIMHP, Individual compacity; SHANNON, PhD, Individual compacity; CORPERAL MCINTOSH, Officer, Individual compacity; GREG, kitchen staff, Individual compacity; and MARTIN, kitchen staff, Individual compacity;<br><br>　　　　　　Defendants. | 8:24CV176<br><br>**MEMORANDUM AND ORDER** |

　　　This matter is before the Court on Plaintiff Austin Edward Lightfeather's Motion for Leave to Proceed in Forma Pauperis ("IFP"). Filing No. 5. As stated in the Prison Litigation Reform Act ("PLRA"), a prisoner cannot

> bring a civil action . . . or proceeding [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

　　　The Court has previously determined that three or more federal court cases brought by Plaintiff, while a prisoner, were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See, e.g., Lightfeather v. McSwine*, No. 8:22-cv-00238-JFB-PRSE (D. Neb.) (Filing No. 11, finding Plaintiff has "three strikes" and dismissing complaint pursuant to 28 U.S.C. §1915(g)). Previous cases brought by

Plaintiff that were dismissed include: *Lightfeather v. Prey et al*, No. 8:21-cv-00211-RGK-PRSE (D. Neb.) (Filing Nos. 15 & 16, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on April 8, 2022, after Plaintiff failed to amend complaint); *Lightfeather v. Green et al*, No. 8:21-cv-00208-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 12, 2021, after Plaintiff failed to amend complaint); *Lightfeather v. Ricketts et al*, No. 8:21-cv-00165-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 7, 2021, after Plaintiff failed to amend complaint); *Lightfeather v. City of Lincoln*, No. 4:20-cv-03118-RGK-PRSE (D. Neb.) (Filing Nos. 112 & 113, May 24, 2021 Memorandum and Order and Judgment dismissing Plaintiff's second amended complaint for failure to state a claim and for being frivolous); *Lightfeather v. Beatrice Sun Times, et al*, No. 8:21-cv-00114-RGK-PRSE (D. Neb.) (Filing Nos. 14 & 15, May 19, 2021 Memorandum and Order and Judgment dismissing Plaintiff's complaint as frivolous).

    Plaintiff states that he is seeking to proceed IFP under the immediate danger exception in 28 U.S.C. §1915(g). Filing No. 1 at 1. In light of the foregoing, the Court will give Plaintiff 30 days in which to show cause why this case should not be dismissed pursuant to the provisions of 28 U.S.C. §1915(g) or, in other words, to show cause why the immediate danger exception is applicable to him. Alternatively, Plaintiff may pay the Court's $405.00 filing and administrative fees within 30 days. In the absence of good cause shown, or the payment of the necessary fees, this matter will be dismissed without further notice.

IT IS THEREFORE ORDERED:

1. Plaintiff has 30 days from the date of this Memorandum and Order to either show cause why this case should not be dismissed pursuant to 28 U.S.C. §1915(g) or pay the Court's $405.00 filing and administrative fees. In the absence of either action by Plaintiff, this matter will be dismissed without further notice.

2. The Clerk of Court is directed to set a pro se case management deadline in this matter with the following text: **August 9, 2024**: deadline for Plaintiff to show cause or pay fees.

Dated this 10th day of July, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge