IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER,<br><br>Plaintiff,<br><br>vs.<br><br>SOLLY, Lt., Individual compacity; NUEYER, unit manager, Individual compacity; KERRI PAULSON, LIMHP, Individual compacity; ELEZEBETH, LIMHP, Individual compacity; SHANNON, PhD, Individual compacity; CORPERAL MCINTOSH, Officer, Individual compacity; GREG, kitchen staff, Individual compacity; and MARTIN, kitchen staff, Individual compacity;<br><br>Defendants. | 8:24CV176<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on its own motion. On July 10, 2024, the Court ordered Plaintiff to show cause why he is entitled to proceed in forma pauperis in this action. Filing No. 6. The Court has previously determined that three or more federal court cases brought by Plaintiff, while a prisoner, were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See, e.g.*, *Lightfeather v. McSwine*, No. 8:22-cv-00238-JFB-PRSE (D. Neb.) (Filing No. 11, finding Plaintiff has "three strikes" and dismissing complaint pursuant to 28 U.S.C. §1915(g)). Previous cases brought by Plaintiff that were dismissed include: *Lightfeather v. Prey et al*, No. 8:21-cv-00211-RGK-PRSE (D. Neb.) (Filing Nos. 15 & 16, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on April 8, 2022, after Plaintiff failed to amend complaint); *Lightfeather v. Green et al*, No. 8:21-cv-00208-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief

and dismissing case on October 12, 2021, after Plaintiff failed to amend complaint); *Lightfeather v. Ricketts et al*, No. 8:21-cv-00165-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 7, 2021, after Plaintiff failed to amend complaint); *Lightfeather v. City of Lincoln*, No. 4:20-cv-03118-RGK-PRSE (D. Neb.) (Filing Nos. 112 & 113, May 24, 2021 Memorandum and Order and Judgment dismissing Plaintiff's second amended complaint for failure to state a claim and for being frivolous); *Lightfeather v. Beatrice Sun Times, et al*, No. 8:21-cv-00114-RGK-PRSE (D. Neb.) (Filing Nos. 14 & 15, May 19, 2021 Memorandum and Order and Judgment dismissing Plaintiff's complaint as frivolous). The Prison Litigation Reform Act ("PLRA") prevents a prisoner with "three strikes" from proceeding IFP unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

To date, Plaintiff has not filed a response to the Court's order to show cause nor has he paid the Court's $405.00 filing and administrative fees despite the Court's warning that failure to take either action would result in dismissal of this case. Rather, on July 17, 2024, Plaintiff submitted correspondence dated July 12, 2024, in which he requested to have all his currently pending cases assigned to a new judge because he objected to the undersigned's rulings in his other previously-filed cases. Filing No. 7. The Court construed Plaintiff's correspondence as a motion for recusal and denied the motion on August 9, 2024. Filing No. 8. Plaintiff has filed no other documents in this case and, thus, has failed to comply with the Court's order and failed to show cause why this case should not be dismissed pursuant to the provisions of 28 U.S.C. § 1915(g).

Despite Plaintiff's lack of response to the show cause order, the Court has considered the allegations of Plaintiff's Complaint, Filing No. 1, to determine whether Plaintiff has demonstrated he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In his Complaint filed on May 16, 2024, Plaintiff alleges he is "in an active hunger strike and will not eat RTC food after learning about being poisoned in January of 2023 and to the current date of this filing." Filing No. 1 at 1 (spelling corrected). Plaintiff further alleges that one of the defendants, Corporal McIntosh, "spit in [his] food in August of 2023" and that "[t]he food delivered to [him] causes runny nose, sweats, headache, and tiredness." Id. at 2. Plaintiff wants defendants to transfer him to the Tecumseh State Correctional Institution "where [he] will eat the food[, but he] will not eat the food here at the RTC." Id.

Plaintiff's allegations regarding the past instances of being poisoned or receiving food contaminated with spit do not qualify as a threat of imminent danger under the plain language of § 1915(g). Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) ("Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan."). The Court further concludes that Plaintiff's conclusory assertions about receiving poisoned or contaminated food resulting in a runny nose, sweats, headache, and tiredness are insufficient to show that he is under imminent danger of *serious* physical injury. See Ball v. Allen, No. CIV.A. 06-0496-CG-M, 2007 WL 484547 (S.D. Ala. Feb. 8, 2007) (allegations that prisoner "receives inadequate, unsanitary, and contaminated food and beverages," among other things, insufficient to show imminent danger). "Moreover, any such allegations are fantastic, fanciful, or delusional."

3

*Littlejohn v. Jones*, No. 1:21-CV-4284-MLB-JKL, 2021 WL 11718566, at *2 (N.D. Ga. Oct. 15, 2021), *report and recommendation adopted*, No. 1:21-CV-4284-MLB, 2021 WL 11718558 (N.D. Ga. Nov. 23, 2021) (citing *Moses v. Adams*, No. 6:20-CV-117, 2020 WL 8092367, at *3 (S.D. Ga. Dec. 21, 2020) (finding plaintiff's allegations that he was in imminent danger of being poisoned "not just conclusory and unsupported, the allegations are also potentially fanciful and delusional"); *Brown v. Luscavage*, No. 3:15-CV-0761, 2015 WL 4920769, at *6 (M.D. Pa. Aug. 17, 2015) ("Plaintiff's allegation that the named correctional officers are 'poisoning' his food will be rejected because such an allegation rises to the level of irrational and/or wholly incredible. As a result, this claim fails to satisfy section 1915(g) . . . .")).

Nor do Plaintiff's allegations of being on a hunger strike support a finding of imminent danger as "Plaintiff voluntarily commenced his hunger strike" and "courts often find a prisoner cannot create an imminent danger to avoid the three strikes provision of the PLRA." *Lewis v. California*, No. 122CV01036ADAHBKPC, 2022 WL 7099716, at *4 (E.D. Cal. Oct. 12, 2022) (citing *Taylor v. Walker*, 2007 WL 4365718 *2 (S.D. Ill. Dec. 11, 2007) (citing cases)).

In sum, Plaintiff has failed to respond to the Court's order to show cause and the Complaint's allegations do not support a finding that Plaintiff faces an imminent danger of serious physical injury. Plaintiff, therefore, is prohibited from proceeding IFP pursuant to 28 U.S.C. § 1915(g). Because Plaintiff has not paid the $405.00 filing and administrative fees, and for lack of good cause shown, this matter is dismissed without prejudice.

4

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Filing No. 5, is denied.

2. This case is dismissed without prejudice and a separate judgment will be entered in accordance with this Memorandum and Order.

3. Any notice of appeal filed by Plaintiff must be accompanied by the $605.00 appellate filing fee because Plaintiff will not be allowed to proceed in forma pauperis on appeal.

Dated this 14th day of November, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge